UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
In re:
IRWIN JACOBS
                            Debtor.
```

```
J-K APPAREL SALES CO., INC.,
                            Appellant,
              -v.-
IRWIN JACOBS,
                            Appellee.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2025

24 Civ. 6739 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On January 17, 2025, the Court ordered Appellant J-K Apparel Sales Company to show cause why Appellee Irwin Jacob's motion to dismiss for lack of jurisdiction, ECF No. 4, should not be deemed unopposed. ECF No. 10. Because Appellant failed to show such cause, the Court deems the motion unopposed.

Appellant failed to comply with Federal Rule of Bankruptcy Procedure 8002(a), which states: "Except as provided in [Rule 8002(b)] and [Rule 8002(c)], a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). Appellant is challenging an order issued by United States Bankruptcy Judge Michael E. Wiles on July 29, 2024. Appellant did not file its notice of appeal until September 5, 2024. ECF No. 1. Thus, Appellant did not file its notice of appeal "within 14 days after entry of" Judge Wiles's Order.[1] Fed. R. Bankr. P. 8002(a).

---

[1] Neither Rule 8002(b) nor Rule 8002(c) excuses Appellant's non-compliance with the 14-day deadline. Rule 8002(b) extends the deadline to file a notice of appeal when one of the parties to the bankruptcy action "timely files" a motion in the bankruptcy court under Rule 7052, 9023, or 9024. Rule 8002(c) extends the deadline to file a notice of appeal when the appellant is incarcerated. The bankruptcy docket does not indicate that any party to the bankruptcy proceedings has filed a motion under Rule 7052, 9023, or 9024. Nor is Appellant incarcerated.

The Second Circuit has held that "the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal . . . , the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (internal quotation marks omitted); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (distinguishing *In re Siemon*, but affirming its holding that the "time limits [ ] prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional). As Appellant failed to comply with Rule 8002(a), this Court lacks jurisdiction to hear the appeal. Accordingly, Appellee's motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated: May 16, 2025
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge
